```
       IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                              CENTRAL DIVISION
_____

BRIAN LEE WOOD,                  )    **MEMORANDUM DECISION**
                                 )
         Petitioner,             )    Case No. 2:08-CV-691 DB
                                 )
    v.                           )    District Judge Dee Benson
                                 )
STATE OF UTAH,                   )
                                 )
         Respondent.             )
_____
```

Petitioner, Brian Lee Wood, an inmate at Utah State Prison, petitions for habeas corpus relief.[1] The Court denies him.

                              BACKGROUND

Petitioner's final judgment of conviction was entered September 23, 2005. He was convicted on three counts of attempted aggravated murder, for which he received sentences of six-years-to-life per count; one count of discharging a firearm from a vehicle, for which he received a sentence of 5-years-to-life, enhanced under the habitual-violent-offender statute; one count of possession of a weapon by a felon, for which he received an enhanced five-years-to-life term; and one count of failing to stop as ordered by a police officer, for which he received a zero-to-five-years sentence. On February 22, 2008, these convictions were affirmed by the Utah Court of Appeals.

Petitioner asserts he received the court of appeals's decision on March 5, 2008. On April 3, 2008, he filed a Motion

---

[1] *See* 28 U.S.C.S. § 2254 (2010).

for Rehearing.  The motion was rejected as untimely filed.  Under Utah Rule of Appellate Procedure 35(a), "A petition for rehearing may be filed with the clerk within 14 days after the entry of the decision of the court, unless the time is shortened or enlarged by order."  So, Petitioner's petition for rehearing was due by March 8, 2008, and was too late when it was filed on April 3, 2008.  Petitioner went on to file with the court of appeals a Motion to Accept Motion for Rehearing as Timely (on May 13, 2008) and, when that was also rejected, he filed in the Utah Supreme Court a Motion to Accept as Timely filed Due to Utah Court of Appeals refusing Reconsideration Under Erroneous Pretenses (on August 22, 2008).  An electronic search of state court records shows that Petitioner did not file a petition for writ of certiorari with the Utah Supreme Court.  Nor did he file a state post-conviction petition.

On September 11, 2008, Petitioner filed in this Court the federal habeas petition under review here.  In it, he raises issues of (1) ineffective assistance of trial counsel because counsel (a) did not move to sever the charge of possession of a weapon by a restricted person and (b) stipulated to other-bad-acts evidence; (2) the trial court's alleged error in allowing the prosecution to submit evidence about Petitioner's tattoo; and (3) wrongful application of the habitual-offender enhancement.

2

The State responds to the petition, arguing that all grounds are procedurally defaulted.

## ANALYSIS

### I. Exhaustion and Procedural Default

It is true that all issues brought by Petitioner are procedurally barred.  In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the Utah courts.[2]  This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[3]  Here, because he did not raise them before the Utah Supreme Court, Petitioner did not, as required, raise his issues before the highest Utah court available.  And, considering Petitioner is now way past the thirty-day deadline to petition for a writ of certiorari in the Utah Supreme Court, "'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'"

This Court may not consider issues "defaulted in state court on independent and adequate state procedural grounds 'unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or

---

[2]*See* 28 U.S.C.S. § 2254(b) & (c) (2010); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998).

[3]*See Picard*, 404 U.S. at 275-76; *Knapp*, 1998 WL 778774, at *2-3.

3

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'"[4]  Under the federal law outlined earlier, this Court must therefore dismiss Petitioner's defaulted issues unless cause and prejudice or a fundamental miscarriage of justice redeems their default.[5]

Petitioner essentially argues that cause and prejudice excuse his procedural default.  "The 'cause and prejudice' standard applies to pro se prisoners just as it applies to prisoners represented by counsel.  In order to satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[6]  Possible allegations of cause and prejudice are Petitioner's mental impairment, lack of legal resources, and lack of knowledge regarding the appeals process; counsel's inappropriate handling of post-appeal proceedings; and the appeals court clerk's reply to Petitioner's petition for rehearing.

The Court first addresses Petitioner's asserted deficiencies--i.e., his mental impairment, lack of legal

---

[4]*Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

[5]*See Gonzales v. Jordan*, No. 01-6415, 2002 WL 1203905, at *3-4 (10th Cir. June 5, 2002) (unpublished).

[6]*Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted); *see also Gonzales*, 2002 WL 1203905, at *3 ("'"Cause" must be something "external to the petitioner, something that cannot fairly be attributed to him."'") (citations omitted).

resources, and lack of knowledge. Under Tenth Circuit case law, such circumstances do not carry Petitioner's burden to show cause.[7] Indeed, these are all factors *internal* to Petitioner's defense.

Regarding counsel's alleged inappropriate handling of post-appeal proceedings, Petitioner asserts that counsel was aware that Petitioner wanted to pursue his case further but did not help him. However, when the court of appeals' decision was issued, counsel notified Petitioner he would not be handling further proceedings. So, Petitioner was apprised of counsel's impending withdrawal and should have known he could no longer rely on counsel's help. If Petitioner considered counsel's actions to be inappropriate, he could have raised an ineffective-assistance-of-counsel claim on certiorari review or in a state post-conviction petition, which he did not do. In any case, Petitioner got the court of appeals' decision in time to either file for rehearing with the court of appeals or file a petition for writ of certiorari with the Utah Supreme Court. He made the choice to file for rehearing with its shorter deadline, and he

---

[7]*Bishop v. Colorado*, No. 00-1315, 2001 WL 460556, at *1-2 (10th Cir. May 2, 2001) (unpublished) (stating allegation of "chronic mental health disorder . . . not enough" to show cause); *see also Gilkey v. Kansas*, No. 02-3227, 2003 WL 245639, at *2 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims).

made the choice to file late.  These decisions are also internal to the defense and unavailing to Petitioner's cause argument.

Finally, regarding the appeals court clerk's reply to Petitioner's petition for rehearing, in which the court clerk noted that Petitioner's record still showed he was represented by counsel and so Petitioner would need to file anything further through counsel, this reply could not have tripped up Petitioner in timely filing his rehearing motion.  After all, he was *already late*.  And, Petitioner never appears to have raised this issue in a petition for writ of certiorari to the Utah Supreme Court or a state post-conviction petition.

Having determined Petitioner has not shown cause for his default, the Court need not address any possible prejudice.[8]  The Court further notes that Petitioner has not raised the issue of miscarriage of justice.

In sum, the Court concludes that all Petitioner's issues are procedurally defaulted.  And, these issues do not qualify for consideration under the cause-and-prejudice exception to the procedural bar.  The Court thus denies Petitioner relief.

---

[8]*See Gonzales*, 2002 WL 1203905, at *3.

CONCLUSION

All Petitioner's claims are procedurally barred.  And, the cause-and-prejudice exception does not excuse his default.  IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 28th day of September, 2010.

BY THE COURT:

_____
DEE BENSON
United States District Judge